# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANNA MARIE DOYLE,[1] | Plaintiff, | DECISION AND ORDER |
| -vs- | | 14-CV-6507-CJS-MWP |
| CITY OF CORNING, | Defendant. | |

## APPEARANCES

For Plaintiff:                      Anna C. Czarples, Esq.
                                    Jacob P. Welch, Esq.
                                    Law Office of Jacob P. Welch
                                    8 Denison Parkway East Suite 203
                                    Corning, NY 14830
                                    (607) 936-8057

For Defendant:                      Andrew Dylan, Esq.
                                    Florina Altshiler, Esq.
                                    Michael P. McClaren, Esq.
                                    Webster Szanyi, LLP
                                    1400 Liberty Building
                                    Buffalo, NY 14202
                                    (716) 842-2800

## INTRODUCTION

**Siragusa, J.** Before the Court is Defendant's Notice of Motion, filed on November 7, 2014, ECF No. 13, seeking dismissal of Counts IV, V, and VI of the complaint on the grounds of statute of limitations and untimely notice of claim, pursuant to New York Civil Practice Law and Rules § 215(3) and New York General Municipal Law § 50-i. For the reasons stated below, Defendant's application is denied.

---

[1] The Clerk's docket shows the plaintiff's given name as "Anne," whereas the plaintiff's affidavit, filed in opposition to the pending motion, shows that it is spelled "Anna." The Clerk is directed to correct the caption of this case to "Anna Marie Doyle."

## BACKGROUND

Plaintiff Anna Marie Doyle ("Doyle") filed a Summons with Notice in the Steuben County Clerk's Office on August 1, 2014, alleging the following:

> The nature of this action is [f]or Federal 1983 relief, violation of civil rights under applicable New York and Federal law, personal injury, pain and suffering, punitive damages, abuse under the color of law, failure to protect under the law, false arrest, false imprisonment, malicious prosecution, and other torts arising from an incident on or about the 8th day of May.

ECF No. 1. Defendant City of Corning ("Corning") removed the case to this Court on August 18, 2014, ECF No. 1.

Thereafter, Doyle filed a complaint[2] on October 17, 2014, ECF No. 8. In her complaint, Doyle makes the following claims: (I) malicious prosecution pursuant to 42 U.S.C. § 1983; (II) arrest without probable cause pursuant to 42 U.S.C. § 1983; (III) failure to implement appropriate policies, customs, and practices pursuant to 42 U.S.C. § 1983; (IV) assault and battery; (V) false imprisonment; and (VI) negligence. Counts IV, V, and VI are all state law claims.

Doyle alleges the following facts in support of her causes of action:

> 5. On or about May 8, 2013, plaintiff was shopping at Walgreens Pharmacy in Corning, New York. Plaintiff is highly disabled and depends upon a wheelchair for mobility.

> 6. On the aforementioned date two City of Coming policer officers entered the aforementioned Walgreens, apparently intending to arrest plaintiff for Criminal Mischief in the Third Degree.

> 7. During said arrest the police officers negligently and in reckless disregard for plaintiff's obviously weakened and disabled condition pulled plaintiff's left arm in an extreme backwards manner, causing serious injury to said arm and shoulder.

> 8. This reckless and inappropriate arresting technique caused, among other things, a rotator cuff tear, an exacerbation of a prior left shoulder in-

---

[2] Doyle's complaint does not comply with this Court's Administrative Procedures Guide for Electronic Filing, ¶ 2.a.v., in that it was not properly converted to Portable Document Format so as to be searchable.

jury, wrist injuries and scratches.

9. Upon information and belief, said left shoulder injury will require future surgery and is believed to be permanent.

10. That the said police used excessive and wrongful force against the plaintiff, who was in a motorized wheelchair, is disabled, female, and of a small and frail build. The police should have used an arresting technique that was more appropriate for a disabled suspect, instead the police negligently used two large male police officers to arrest plaintiff.

11. Said police filed an additional false charge of resisting arrest against plaintiff, in addition to the original charge of criminal mischief.

12. Plaintiff was acquitted of all of the aforementioned charges at a trial by jury.

13. The aforementioned police misconduct and false charges are likely retaliation for plaintiff's complaints to the district attorney about said police department. This occurred approximately eight (8) days prior to her arrest.

14. Said police also negligently mistreated the disabled plaintiff during the booking process as well, forcing her to walk without any assistive device nor her needed wheelchair and making plaintiff stand excessively for someone of plaintiff's disabled condition.

Compl. ¶¶ 5–14. At oral argument on March 19, 2015, the Court directed the parties to file further briefing on the issue of the General Municipal Law § 50 notices. Plaintiff filed a supplemental affidavit and memorandum of law on March 26, and Defendant filed an opposing memorandum and reply declaration on April 8, 2015.

With regard to the issue of whether the 50-h examination was adjourned, Plaintiff related in her affidavit the following:

5. Deponent recalls the following details from the phone call with the male attorney from Webster Szanyi [whose name she does not recall]:

* The attorney told deponent that the City of Corning had the right to take her live testimony in a 50-h hearing in Coming, New York.

* Deponent told the attorney that there were still pending criminal charges against her in relation to the events occurring on May 8, 2013.

\* Deponent also told the attorney that she had hoped to hire a civil attorney to represent her in relation to the civil case against the City of Corning, but that she had not been able to obtain an attorney as of the date of the telephone conversation.

\* The attorney from Webster Szanyi stated that perhaps it was better to postpone the 50-h hearing until after the criminal charges had been resolved. By that time, deponent assumed she would be able to find a civil attorney to represent her as well.

\* Deponent was satisfied by the adjournment offered by the attorney from Webster Szanyi, and did not appear to testify on the September 17, 2013 date, since the 50-h hearing was adjourned by phone as noted above.

6. Deponent had one consultation type appointment with Attorney Gerald Maniaci, but he never formally represented deponent. Deponent never signed a retainer, contingency fee, nor any other agreement with Mr. Maniaci. Again, Mr. Manioci never represented deponent in any capacity. . . .

8. Deponent only received one certified notice of the 50-h hearing, to wit, the August 27, 2013 letter with notice. Deponent received a phone call from the attorney at Webster Szanyi shortly thereafter.

9. Deponent never saw any correspondence from Mr. McClaren to Mr. Maniaci, nor did Mr. Maniaci ever communicate with deponent and state that she needed to appear for a 50-h hearing. Again, deponent met with Mr. Maniaci once and never saw nor heard from him again.

10. Deponent would not object to submitting to a 50-h hearing at a mutually agreeable future date, if defendant still desires the same.

Doyle Aff. ¶¶ 5–6 & 8–10, Mar. 24, 2015, ECF No. 26. Corning has included in its reply papers copies of three letters addressed to Doyle, *pro se*, two dated August 20, 2013, and one dated August 27, 2013. Altshiler Reply Decl. Ex. A, Apr. 8, 2014, ECF No. 28-2. The only correspondence that appears to address the matters raised by Doyle in her affidavits, that is, the mutual agreement to postpone the 50-h hearing, was in a letter dated September 24, 2013, a week after the scheduled hearing, addressed to Gerald Manioci, Esq., whom she consulted but never retained to represent her. That letter simply says, "Please contact me immediately to schedule the 50-h examination in this

matter," and mentions nothing about Doyle having missed the previously schedule hearing.

## STANDARDS OF LAW

### *Motion to Dismiss*

Although Corning's counsel did not specify under which Rule she is moving to dismiss, the Court confirmed with her at oral argument that she is arguing that the Court is without jurisdiction. Accordingly, the Court will analyze the motion pursuant to Federal Rule of Civil Procedure 12(b)(1).

Rule 12(b)(1) provides for the dismissal of a claim when the federal court "lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). In considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court must assume as true factual allegations of the non-moving party. *Shipping Financial Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *Serrano v. 900 5th Ave. Corp.*, 4 F. Supp. 2d 315, 316 (S.D.N.Y.1998). Where jurisdictional issues are in dispute, the court may look to "evidence outside the pleadings, such as affidavits." *Filetech S.A. v. France Telecom, S.A.*, 157 F.3d 922, 932 (2d Cir.1998) (citation omitted).

### *New York General Municipal Law & Limitations Period*

New York General Municipal Law § 50-e sets a ninety day limitations period to serve a notice of claim "in any case founded upon a tort where a notice of claim is required by law as a condition precedent to the commencement of an action against a public corporation…, or any officer, appointee or employee thereof…."

New York General Municipal Law § 50-i provides in pertinent part as follows:

No action...shall be prosecuted or maintained against a city, county, town, village...for personal injury...alleged to have been sustained by reason of

the negligence or wrongful act of such city, county, town, village...or any officer, agent or employee thereof…unless, (a) a notice of claim shall have been made and served upon the city, county, town, village...in compliance with section fifty-e of this chapter,...and (c) the action or special proceeding shall be commenced within one year and ninety days after the happening of the event upon which the claim is based....

N.Y. Gen. Mun. Law § 50-i (McKinney's 2015). The requirement is enforced in Federal court for claims arising under the district court's supplemental jurisdiction. *See Felder v. Casey*, 487 U.S. 131, 151 (1988) ("Under *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), when a federal court exercises diversity or pendent jurisdiction over state-law claims, 'the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.' *Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S. Ct. 1464, 1470, 89 L. Ed. 2079 (1945). Accordingly, federal courts entertaining state-law claims against Wisconsin municipalities are obligated to apply the notice-of-claim provision.").

The provisions of N.Y. Gen. Mun. Law § 50-i apply not only to claims against municipalities, but also to suits against "officer[s], agent[s] or employee[s]" whose conduct caused the alleged injury. *Gonzalez v. City of New York,* 1996 WL 227824, *2 (S.D.N.Y. May 3, 1996), *De Gradi v. Coney Island Medical Group, P.C.,* 172 A.D.2d 582, 583, 568 N.Y.S.2d 412, 413 (2d Dep't 1991). The limitations period in § 50-i overrides the state statute of limitations for intentional torts, except in one situation. "Only where a finding is made that the police officer's acts were clearly not within the scope of employment is the one-year Statute of Limitations of CPLR 215(3) applicable." *Clark v. City of Ithaca*, 652 N.Y.S.2d 819, 821 (N.Y.A.D. 3 Dept. 1997).

New York General Municipal Law § 50-h requires a plaintiff to submit to an examination in any case in which a notice of claim has been filed, and in which the municipality demands an examination. The examination can include a physical examination as well as questioning. Under most circumstances, submission to the examination is a prerequisite to filing suit against a municipality.

## ANALYSIS

Corning argues that the state causes of action in Counts IV, V, and VI, must be dismissed "because those claims are untimely pursuant to CPLR § 215 and pursuant to General Municipal Law § 50-e and § 50-i and § 50-h." Corning Mem. of Law 1, Nov. 7, 2014, ECF No. 13-4. Corning contends that the complaint, which was not filed until October 16, 2014, is well beyond the one-year statute of limitations period, which expired on May 8, 2014. *Id.* 2. Consequently, Corning maintains that Doyle's Count IV and Count V claims are untimely. Further, Corning argues that Doyle's negligence claim under Count VI, is the sole state claim governed by the longer limitations period of one year and ninety days. *Id.* 2. That claim, it contends, expired on August 8, 2014.[3] *Id.* 3. Finally, Corning argues that Doyle has failed to comply with its demand for an examination. *Id.* In that regard, Corning argues that compliance with a demanded § 50-h examination is a prerequisite to filing suit, and since Doyle has yet to comply with the municipality's demand, she is precluded from commencing this action against Corning.

As outlined above in the Standards of Law section, the one year and ninety day limitations period applies to all the claims here, since Corning does not maintain that the individual employees' actions were outside the scope of their employment. Neverthe-

---

[3] Corning's memorandum of law lists the expiration date as "August 8, 201<u>3</u>." The Court assumes the "2013" is a typographical error. The Court's calculation of one year and ninety days from May 8, 2013, is results in the date August 6, 2014. However, since Corning has agreed on the later date of August 8, and Doyle has not objected, the Court will use that date instead.

less, even assuming a longer limitations period, since the causes of action at issue in this motion, (IV) assault and battery, (V) false imprisonment, and (VI) negligence, all accrued on May 8, 2013, the limitations period expired on August 8, 2014. Doyle, however, argues that her *pro se* attempt to file suit earlier should be considered by the Court as the commencement date of the action.

Doyle, in her affidavit, filed on January 23, 2015, ECF No. 17, states that she personally delivered a Notice of Claim to Rose M. Blackwell on August 5, 2013, and includes a copy of the same as an exhibit to her affidavit. The Notice of Claim, dated August 5, 2013, and sworn on the same day before a notary public, states as follows:

> TAKE NOTICE, that the undersigned, Anna Doyle**,** residing at 101 Columbia Street, Apartment 425,[4] Corning, NY 14830, has a demand and claim against the City of Corning for damage arising out of the following facts:
>
> On or about the 8th day of May 2013, claimant was shopping at the Walgreen Store located at 80 Denison Parkway East, Corning New York 14830 when she was arrested by Corning City Police Officers. During her arrest, the Police, knowing she had a pre-existing injury to per left shoulder, continued to jerk her arm straight backwards, which further exacerbated her injury, and caused her much pain and suffering. She was forced out of her motorized scooter, without her cane, and dragged across the parking lot where she was forced into the backseat of the Corning City Police vehicle.
>
> That the accident aforesaid and the injuries of the claimant as hereinafter more fully alleged were sustained by reason of the negligence and misconduct of the City of Corning, its officers, agents or employees in that, among other things, the said City, its officers, agents or employees permitted said members of the Corning City Police Department to use excessive force to arrest claimant.
>
> That as a result of negligence by the City of Corning, its officers, agents or employees as aforesaid, the claimant was rendered sick, sore, lame and disabled, sustained injuries, including but not limited to a further exacerbation of her shoulder injury and other personal injuries of which the Claim-

---

[4] Doyle's counsel, in paragraph 25 of her affidavit, ECF No. 18, states that "plaintiff listed her new address on the Summons with Notice as 'Apt. 120.' In contrast, of the original address in the Notice of Claim was apartment 425. Defense Counsel, however, never updated their records as to plaintiff's new address and kept sending mail to the old address."

ant is not yet informed, including permanent effects, the nature of which is not yet known to the claimant; and that the Claimant has been and will be compelled to incur medical and hospital expenses.

That upon your failure to pay such claims within the statutory period provided therefore, it is the intention of the claimant to commence an action against the City of Corning, and such others as may be liable therefore, to recover the damage sustained by the claimant as hereinbefore set forth.

WHEREFORE, the claimant respectfully-requests that her claim be adjusted and paid as provided by law.

Notice of Claim, Doyle Aff. Ex. A, ECF No. 17-1.

Doyle also states that on August 1, 2014, within the limitations period set out above, she filed a Summons with Notice with the Steuben County Clerk, which she contends initiated the present lawsuit. Doyle Aff. ¶ 5. (The Court set out the contents of the Summons above.) Doyle then relates the following:

6. After the Summons With Notice was filed, your deponent then had the Summons with Notice (Exhibit B hereto) along with the previously served (on August 5, 2013) Verified Notice of Claim served upon Rose M. Blackwell, the City Clerk for the City of Corning. See the affidavit of service annexed hereto as **Exhibit C**. These two documents were attached together.

7. The affidavit of service mistakenly refers to the verified Notice of Claim as the "Verified Complaint." This was a terminology error on the part of deponent, again, who has no formal legal training, deponent feebly relying upon internet searches to try to learn how to properly bring (a) a claim and then later (b) a lawsuit.

Doyle Aff. ¶¶ 6–7. The service of the Summons with Notice and the Notice of Claim took place on August 4, 2014, at 8:37 AM, and was made on Clerk Rose Blackwell at 1 Civic Center Plaza, Corning, New York. Doyle Aff. Ex. C. At the time, Doyle was *pro se* and remained so until September 2014 when she hired counsel.

In her Attorney Affirmation,[5] filed on January 23, 2015, ECF No. 18, Doyle's counsel, Anna Czarples, Esq., contends that Doyle's summons with notice provided an adequate basis for all the counts referenced in her later complaint. Under New York law, Ms. Czarples argues, the papers she served were sufficient to commence the action, and cites to New York Civil Practice Law and Rules 305(b). Czarples Aff. ¶ 8. Interestingly, in its reply memorandum, filed on February 13, 2015, ECF No. 21, Corning argues only that General Municipal Law § 50-h precludes Doyle from pursuing her state claims, abandoning its prior arguments under sections 50-e and 50-i, as well as the statute of limitations.

Doyle also relies on the holding in *Hoffman v. New York Housing Auth.*, 187 A.D.2d 334 (N.Y. App. Div. 1st Dep't 1992) to argue that Corning's failure to raise any issue with the required section 50-h hearing means that issue has been waived. There the panel stated the following with regard to the municipality's failure to raise an affirmative defense under section 50-h:

> We also find that the City waived its right to defend the action on the ground that plaintiff allegedly failed to appear at a section 50-h hearing. The City failed to raise this as an affirmative defense and asserted only general denials to plaintiff's claim that there had been no demand for a hearing. It should not be permitted to assert this as a defense for the first time on a motion to dismiss brought four years after commencement of the action and well after the statute of limitations has run on any new action that could be commenced by plaintiff.

*Hoffman*, 187 A.D.2d at 338 (citation omitted).

Here, Corning's first response to the complaint was a motion for a more definite statement, filed on September 2, 2014, ECF No. 4. The basis for Corning's motion was a Summons with Notice that included this language: "The nature of this action is: For

---

[5] Ms. Czarples did not file a memorandum of law, as required L.R. Civ. P. 7(a)(2).

Federal 1983 relief, violation of civil rights under applicable New York and Federal law. .

. ." Summons with Notice, Index No. 2014-1010C, at 1, Sept. 2, 2014, ECF No. 4-2.

Corning moved on October 21, 2014, to withdraw its motion for a more definite state-

ment, arguing that since Doyle had filed a complaint, the parties had agreed that Corn-

ing had until November 7, 2014, to "answer or otherwise respond" to it. Notice of With-

drawal of Defendant's Motion for a More Definite Statement at 1, Oct. 21, 2014, ECF

No. 10. U.S. Magistrate Judge Payson granted the withdrawal motion on October 22,

2014, ECF No. 11. As a result of the withdrawal of the motion for a more definite state-

ment, however, Doyle's argument that Corning has waived this affirmative defense does

not stand on strong legs, and the Court is unpersuaded that it is a sufficient basis for

denying the motion to dismiss. More persuasive is Doyle's argument that Corning

agreed with her to reschedule the noticed 50-h hearing, but never set a new date.

> Of specific relevance here is section 50-h(5), which states in full the following:

> Where a demand for examination has been served as provided in subdivi-
> sion two of this section no action shall be commenced against the city,
> county, town, village, fire district or school district against which the claim
> is made unless the claimant has duly complied with such demand for ex-
> amination, which compliance shall be in addition to the requirements of
> section fifty-e of this chapter. If such examination is not conducted within
> ninety days of service of the demand, the claimant may commence the ac-
> tion. The action, however, may not be commenced until compliance with
> the demand for examination if the claimant fails to appear at the hearing or
> requests an adjournment or postponement beyond the ninety day period.
> If the claimant requests an adjournment or postponement beyond the
> ninety day period, the city, county, town, village, fire district or school dis-
> trict shall reschedule the hearing for the earliest possible date available.

N.Y. Gen. Mun. Law § 50-h(5) (McKinney's 2015). Corning contends that it served

Doyle with a Notice of 50-h Examination and contends further that it included a copy of

the same with its papers. Corning Mem. of Law 4, ECF No. 13-4. The Court, and oppos-

ing counsel, however, have been unable to locate it. *See* Czarples Aff. ¶ 21.[6]

Doyle counters that Corning's representations, that it demanded a 50-h hearing, and that she failed to comply, "is patently false." Czarples Aff. ¶ 22. Instead, Ms. Czarples now asserts that after Doyle made contact with opposing counsel, "it was decided that an adjournment of the 50-h hearing would be the best course of action." *Id.* ¶ 23. "Plaintiff and defense counsel agreed to re-visit the 50-h hearing after the resolution of the criminal cases against plaintiff." *Id.* Ms. Czarples further states:

> Defendant, however, never again contacted plaintiff about appearing for a 50-h hearing. Instead, defendant filed a motion for a more definite statement on September 2, 2014. Defense Counsel also stated that defendant would withdraw said motion if plaintiff filed a formal complaint. Defendant waived a 50-h hearing by requesting that plaintiff file a formal complaint. *Southern Tier Plastics, Inc. v. County of Broome, 53 AD3d 980 (3rd Dept., 2008) (Holding that (a) the 50-h examination must be conducted within 90 days of the demand or a claimant may commence the action without it, and (b) when the hearing has been indefinitely postponed and the municipality does not serve a subsequent demand, a plaintiff's failure to appear for a hearing will not warrant dismissal of the complaint).*

Czarples Aff. ¶ 23.

The *Southern Tier Plastics, Inc.*, case is directly on point. There, the Third Department held that, "[w]hen the [50-h] hearing has been indefinitely postponed and the municipality does not serve a subsequent demand, a plaintiff's failure to appear for a hearing will not warrant dismissal of the complaint." *Southern Tier Plastics, Inc. v. County of Broome*, 53 A.D.3d 980–81 (N.Y. App. Div. 3rd Dep't 2008). Corning maintains, though, that the burden to reschedule the 50-h hearing was on Doyle, not Corning. Corning Reply Mem. of Law 3, relying on *Kemp v. County of Suffolk*, 61 A.D.3d 937 (N.Y. App. Div. 2nd Dep't 2009). There, the Appellate Division put the burden on the plaintiff to reschedule the hearing, holding:

---

[6] Corning subsequently filed the exhibit.

> Under the circumstances of this case, *where the plaintiff invoked his Fifth Amendment privilege against self-incrimination at the hearing pursuant to General Municipal Law § 50-h*, on January 7, 2005, the plaintiff, not the County defendants, was obligated to reschedule a continuation of the 50-h hearing after the criminal proceeding terminated two years later

*Kemp*, 61 A.D.3d at 938 (emphasis added). Nothing in the papers before the Court indicates that Doyle invoked her Fifth Amendment privilege at a 50-h hearing. Accordingly, *Kemp* is distinguishable from the present case, and the Court is persuaded by the holding in *Southern Tier Plastics, Inc.* that Corning, not Doyle, should have rescheduled the 50-h hearing. "If the claimant requests an adjournment or postponement beyond the ninety day period, the city…shall reschedule the hearing for the earliest possible date available." N.Y. Gen. Mun. Law § 50-h(5).

In its reply following oral argument on the motion, Corning contends, "[t]he facts are undisputed that plaintiff failed to appear for [the noticed 50-h] hearing." Corning Reply Mem. of Law at 2, Apr. 8, 2015, ECF No. 28. If so, Corning's submissions fail to persuade the Court that Doyle's sworn statement that she and a representative of the law firm representing Corning did not agree to a postponement of the September 17, 2013, 50-h hearing. In support of its contention, Corning relies in part on the holding in *Wells v. City of New York*, 254 A.D.2d 121 (N.Y. App. Div. 1st Dep't 1998). That case is distinguishable on the facts. There, the panel wrote that dismissal was appropriate because of "plaintiff's failure to reschedule or appear for a section 50-h hearing after being given numerous extensions and opportunities to do so. . . ." *Id* (citation omitted). Corning's evidence does not show that Doyle ignored the 50-h hearing request, and her post-argument affidavit acknowledges her obligation to appear for the hearing once it is rescheduled. The case law supports her argument that the burden was on Corning to reschedule the hearing, and Corning's counsel's letter to a lawyer who did not represent

Doyle is not proof that Doyle ignored Corning's one attempt to schedule the hearing after agreeing to a postponement of it.

## CONCLUSION

City of Corning's application to dismiss Counts IV, V, and VI, of the complaint, is denied. This case has been referred for mediation and the parties are directed to review the Court's ADR plan http://www.nywd.uscourts.gov/alternative-dispute-resolution and comply with the same.

DATED:   May 4 2015
          Rochester, New York

                                      /s/ Charles J. Siragusa_____
                                        CHARLES J. SIRAGUSA
                                        United States District Judge